This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Robert and Kimberly Wiley, appeal from the decision of the Summit County Court of Common Pleas, granting summary judgment to appellee, Grange Mutual Casualty Company ("Grange"). We affirm.
{¶ 2} On July 9, 1999, Mr. Wiley was involved in a motor vehicle accident with Oneida Sims. As pertinent to the present appeal, on August 13, 2001, the Wileys filed a complaint against Grange for declaratory judgment and money damages for breach of contract. Grange had issued a commercial general liability policy to Mr. Whiley's employer, ETC Computers, Inc. In the complaint, the Wileys asserted that they were entitled to uninsured/underinsured motorist coverage under the policy pursuant to the authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660.
{¶ 3} On February 28, 2002, the Wileys filed a motion for summary judgment, arguing that the insurance policy in question is a motor vehicle liability policy subject to R.C. 3937.18. In response, Grange filed a brief in opposition and a cross-motion for summary judgment, asserting that the policy does not satisfy the definition of an automobile liability or motor vehicle liability policy of insurance. On March 22, 2002, the Wileys filed a brief in opposition to Grange's motion for summary judgment and, on April 10, 2002, Grange responded with a brief in support of its motion for summary judgment. On May 21, 2002, the trial court denied the Wileys' motion for summary judgment and granted Grange's motion for summary judgment. This appeal followed.
{¶ 4} The Wileys raise one assignment of error:
{¶ 5} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY CONCLUDING THAT PLAINTIFF WAS NOT ENTITLED TO UNINSURED MOTORISTS COVERAGE PURSUANT TO THE POLICY THAT HAD BEEN ISSUED BY DEFENDANT TO HIS EMPLOYER."
{¶ 6} In their assignment of error, the Wileys essentially assert that the trial court erred in granting Grange's motion for summary judgment. Specifically, the Wileys point to language in the policy pertaining to a "parking" exception and assert that the trial court erred as a matter of law in finding that the insurance policy in question does not constitute a motor vehicle liability policy subject to the requirements of R.C. 3937.18. We disagree.
{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 9} Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion.Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
{¶ 10} The Wileys assert that, while the pertinent facts are not in dispute, the trial court erred as a matter of law in holding that the insurance policy was not a motor vehicle liability policy subject to the requirements of R.C. 3937.18. In support of their contention, the Wileys cite Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, 544 which held "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." In granting Grange's motion for summary judgment, the trial court held that, as a matter of law, the insurance policy is not a motor vehicle liability insurance policy under either the pre or post H.B. 261 version of R.C. 3937.18.
{¶ 11} R.C. 3937.18 pertains to the mandatory offering of uninsured and underinsured motorist coverage. R.C. 3937.18 has been modified several times within the past few years, including September 3, 1997. The September 3, 1997 version was amended by H.B. 261 and added the following subsection:
{¶ 12} "(L) As used in this section, `automobile liability or motor vehicle liability policy of insurance' means either of the following:
{¶ 13} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
{¶ 14} "(2) Any umbrella liability policy of insurance."
{¶ 15} The commercial general liability policy in question provides, in pertinent part:
{¶ 16} "This insurance does not apply to:
{¶ 17} "***
{¶ 18} "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. ***
{¶ 19} "This exclusion does not apply to:
{¶ 20} "***
{¶ 21} "*** Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured."
{¶ 22} Regarding the pre H.B. 261 version of R.C. 3937.18, the Court in Gruelich v. The Hartford, 8th Dist. No. 80987, 2002-Ohio-7229, analyzed a similar "parking" exception.[1] The Court distinguished the case from Selander and held that the "parking" exception contained within the policy did not constitute an offer of automobile liability coverage.Id. at ¶ 50. Similarly, in Agudo De Uzhca v. Derham, 2nd Dist. No. 19106, 2002-Ohio-1814, appeal accepted for review, 96 Ohio St.3d 1511,2002-Ohio-4950, the Court considered a similar "parking" exception in a policy and distinguished it from the policy addressed in Selander. The Court held that the "parking" exception language did not provide coverage for non-owned or hired vehicles; rather, it provided "coverage only for the parking of vehicles not owned by the insured." Id. The Court further noted that the "parking" exception language expressly did not provide coverage for vehicles being used and operated on public roads, "but only for vehicles that are being parked and that are not owned by the insured." Id., citing to Davidson v. Motorists Mut. Ins. Co. (2001),91 Ohio St.3d 262, 267. In the present case, the policy at issue similarly has "parking" exception language that provides coverage only for the parking of vehicles not owned by the insured and, consequently, we find that the trial court did not err in concluding that, pursuant to the pre H.B. 261 version of R.C. 3937.18, the policy was not a motor vehicle liability policy of insurance subject to the requirements of R.C. 3937.18.
{¶ 23} With regard to the post H.B. 261 version of R.C. 3937.18, this Court has previously addressed the effect of similar "parking" exception language pursuant to R.C. 3937.18(L). See Gilcreast-Hill v.Ohio Farmers Ins. Co., 9th Dist. No. 20983, 2002-Ohio-4524; see, also,Mazza v. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360. InGilcreast-Hill, this Court noted that "H.B. 261 amended R.C. 3937.18 to include a definition for an `automobile liability or motor vehicle liability policy of insurance.'" Id. at ¶ 22. Specifically, "`R.C.3937.18(L)(1) significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage[.]'" Id., quotingJump v. Nationwide Mut. Ins. Co. (Nov. 2, 2001), 2nd. Dist. No. 18880. Holding that the policy was not a motor vehicle policy, this Court held:
{¶ 24} "The phrase `not owned by or rented or loaned to you or the insured' does not `specifically identify' autos pursuant to the definition of automobile or motor vehicle liability. The policy cannot serve as proof of financial responsibility for `owners or operators of the motor vehicles specifically identified in the policy,' if the policy does not specifically identify any motor vehicles. Accordingly, [the insurance] policy is not one which `serves as proof of financial responsibility *** for owners or operators of the motor vehicles specifically identified in the policy of insurance' and cannot, therefore, be an automobile or motor vehicle liability policy pursuant to R.C. 3937.18." Id at ¶ 28.
{¶ 25} The policy under consideration is a commercial general liability policy which does not precisely, particularly, or individually identify any vehicles covered under the policy. Consequently, under the post H.B. 261 version, R.C. 3937.18(L)(1), the "parking" exception contained in the policy does not transform the policy into an "automobile liability or motor vehicle liability policy of insurance." See id.; see, also, Mazza.
{¶ 26} As a matter of law, the policy in question is not a motor vehicle liability policy pursuant to R.C. 3937.18 under either the pre September 3, 1997 version or the post H.B. 261 version effective on September 3, 1997. There is no genuine issue of material fact, and Grange was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment to Grange. The Wileys' assignment of error is overruled, and the judgment of the trial court is affirmed.
SLABY, P.J. and WHITMORE, J., CONCUR.
[1] This court notes that the appellate districts have not reached a consensus as to the effect of "parking" exceptions. The issue of whether "parking" exceptions transform a policy into an "automobile liability or motor liability policy" is now pending before the Ohio Supreme Court. SeeBurkhardt v. CNA Ins. Co., 5th Dist. No. 2001 CA00265, 2002-Ohio-903, appeal accepted for review, 96 Ohio St.3d 1438, 2002-Ohio-3344.